*1106 FRIEDMAN, District Judge,
concurring:
I concur in the decision to affirm the convictions of all three appellants in this case and join fully in the analysis contained in Judge Pryor’s persuasive opinion for the court.
I add these few additional comments with respect to the sufficiency of the evidence challenge raised by appellant Dorothy Mack. Her counsel argues, among other things, that there was insufficient evidence regarding her mens rea. I agree with my colleagues that there was sufficient evidence to convict Mack based on her admitted violations of 21 C.F.R. § 1306.05 — which is relevant evidence, though not sufficient in itself — her admissions on the witness stand, and the jury’s assessment of her credibility, as well as additional circumstantial evidence of her guilt. I am concerned, however, that the jury was never instructed that Mack could be convicted as an aider and abettor only if she held the same mens rea as her principal, Dr. Green.
Ms. Mack was charged in the Indictment as both a principal and an aider and abettor. Throughout the trial, however, the government’s theory was exclusively one of aiding and abetting, and the district judge clearly perceived it as such. As the court’s opinion points out, to prove aiding and abetting, the government must show that "the defendant associated [herjself with a criminal venture, participated in it as something [s]he wished to bring about, and sought by [her] actions to make it succeed.” Opinion at 38-39 (quoting United States v. Pantojar-Soto, 739 F.2d 1520, 1525 (11th Cir.1984)). It is equally clear, however, that under such a theory the government also had to show that Mack had the same mens rea Dr. Green had, see United States v. Leonard, 138 F.3d 906, 909 (11th Cir.1998), something the jury was never told. In my view, this means that the government would have had to prove either that Mack knew there was no “legitimate medical purpose” for the prescriptions written by Dr. Green, or knew that Dr. Green, by failing to properly examine patients and directing Mack to give pre-signed prescriptions to these patients on his behalf, was not acting in the “usual course of professional practice.”[1]
The prosecutor argued to the jury that Mack had the same obligation as Dr. Green “to make sure that the medical care is legitimate,” and the trial judge, in denying a post-trial Rule 29 motion, stated that the jury could reasonably have found that Mack was aware that the prescriptions “were not for a legitimate medical purpose.” Yet the jury instructions given with respect to Mack failed to explain any of this, despite numerous requests from her lawyer. During the charge conferences, counsel for Mack specifically requested an instruction on “not for legitimate medical purpose” and “outside the usual course of professional practice.” He argued that the government had to prove “this additional feature of the case; in fact, it’s an essential one to make this case work, the legitimacy and usualness of it.” He also requested a “good faith” defense charge.
When it came time for jury instructions, however, the district judge instructed the jury about these safe havens with respect to Dr. Green and Mr. Joseph, the pharmacist, but not Ms. Mack. The court instructed the jury that Dr. Green could lawfully dispense and distribute controlled substances by prescriptions “for legitimate *1107 medical purposes and in the usual course of professional practice,” and gave a similar instruction regarding Mr. Joseph. The district court also explained to the jury that a doctor is acting in the course of his professional practice if he prescribes a substance “in good faith as part of his medical treatment,” and that a pharmacist who dispenses a controlled substance “in good faith” pursuant to a prescription does not violate the Controlled Substances Act. Conspicuously absent was any instruction that, as an aider and abettor, Ms. Mack, a physician’s assistant, had to know that the prescriptions Dr. Green issued were not for a legitimate medical purpose or issued in the usual course of professional practice or that Mack’s good faith reliance on Dr. Green was a relevant factor for the jury’s consideration.[2]
The arguments Mack makes in this court are based exclusively on the asserted insufficiency of the evidence and not on these inadequacies in the district court’s instructions to the jury. Indeed, in response to questions at oral argument, counsel specifically stated that he was not making an argument based on any failings in the jury instructions. Because the issues that concern me relating to the jury instructions have not been raised on appeal, and because, drawing all reasonable inferences in the light most favorable to the government, I agree there was sufficient evidence for a reasonable jury to find Mack guilty beyond a reasonable doubt, United States v. Hernandez, 488 F.3d 1328, 1333-34 (11th Cir.2005), I join the court’s opinion in all respects.

. Even as a principal, Mack would have had to have been aware that there was no legitimate medical purpose for the prescriptions issued by Dr. Green in order to be convicted. United States v. Lovern, 590 F.3d 1095, 1096 (10th Cir.2009).

. It is not clear from the record whether Mack's counsel adequately objected to these deficiencies in the instructions pursuant to Rule 30(c) of the Federal Rules of Criminal Procedure. After the jury was charged, he said: “I would just like to preserve the objections [to the instructions] I previously made. Your Honor. No new ones."